**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on October 30, 2025**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 23-CR-24** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **JERMAINE FAIRNOT,** | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of a Firearm and** |
| **Defendant.** | : | **Ammunition by a Person Convicted of a Crime** |
| | : | **Punishable by Imprisonment for a Term** |
| | : | **Exceeding One Year)** |

**18 U.S.C. § 922(g)(1)**
**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)**

**21 U.S.C. § 841(a)(1), (b)(1)(B)(iv)**
**(Unlawful Possession with Intent to Distribute 100 Grams or More of a Mixture and Substance Containing a Detectable Amount of phencyclidine (PCP))**

**21 U.S.C. § 860(a)**
**(Unlawful Possession with Intent to Distribute PCP Within 1000 Feet of a Playground)**

**18 U.S.C. § 924(c)(1)(A)(i)**
**(Possession of a Firearm in Furtherance of Drug Trafficking Offense)**

**21 U.S.C. § 841(a)(1), (b)(1)(C)**
**(Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine Base)**

**21 U.S.C. § 841(a)(1), (b)(1)(C)**
**(Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of PCP)**

**FORFEITURE:**
**21 U.S.C. § 853(a) and (p),**
**18 U.S.C. § 924(d),**
**28 U.S.C. § 2461(c)**

1

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about October 14, 2022, within the District of Columbia, **JERMAINE FAIRNOT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the United States District Court for the District of Columbia, Criminal Case Nos. 04-CR-00282, and 18-CR-000290, and in the Superior Court of the District of Columbia, Criminal Case Nos. 1999-FEL-002383, 2002-FEL-002605, and 2007-CF2-029268, did unlawfully and knowingly receive and possess a firearm, that is, a .40 caliber semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

The Grand Jury further alleges that, before **JERMAINE FAIRNOT** committed the offense charged in Count One, **JERMAINE FAIRNOT** had at least three previous convictions for offenses qualifying under 18 U.S.C. § 924(e)(2), in the United States District Court for the District of Columbia, Criminal Case No. 18-CR-000290, and in the Superior Court of the District of Columbia, Criminal Case Nos. 1999-FEL-002383, 2002-FEL-002605, and 2007-CF2-029268, that were committed on occasions different from one another.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about October 14, 2022, within the District of Columbia, **JERMAINE FAIRNOT**, did unlawfully, knowingly, and intentionally possess with intent to distribute 100 grams or more

2

of a mixture and substance containing a detectable amount of phencyclidine (PCP), a Schedule II narcotic drug-controlled substance.

Before committing the offense charged in Count Two, **JERMAINE FAIRNOT** had a final conviction for a serious drug felony, for which his release from any term of imprisonment was within 15 years of the commencement of the offense charged in Count Two, in the United States District Court for the District of Columbia, Criminal Case No. 18-CR-000290, and in the Superior Court of the District of Columbia, Criminal Case No. 2002-FEL-002605. As a result of these convictions, **JERMAINE FAIRNOT** is subject to increased punishment under 21 U.S.C. § 841(b)(1)(B).

**(Unlawful Possession with Intent to Distribute 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Phencyclidine**, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iv))

## COUNT THREE

On or about October 14, 2022, within the District of Columbia, **JERMAINE FAIRNOT**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of phencyclidine (PCP), a Schedule II narcotic drug-controlled substance, in violation of Title 21, United States Code 841(a)(1), within one thousand feet of the real property comprising King-Greenleaf Recreation Center, a playground in the District of Columbia.

**(Unlawful Possession with Intent to Distribute Phencyclidine Within 1000 Feet of a Playground**, in violation of Title 21, United States Code, Section 860(a))

## COUNT FOUR

On or about October 14, 2022, within the District of Columbia, **JERMAINE FAIRNOT**, did unlawfully and knowingly use and carry a firearm, that is, a .40 caliber semi-automatic handgun, during and in relation to, and in furtherance of, a drug trafficking offense, for which he

3

may be prosecuted in a court of the United States, that is, Count Three of this Superseding Indictment, which is incorporated herein.

**(Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i))

### COUNT FIVE

On or about November 9, 2022, within the District of Columbia, **JERMAINE FAIRNOT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the United States District Court for the District of Columbia, Criminal Case Nos. 04-CR-00282, and 18-CR-000290, and in the Superior Court of the District of Columbia, Criminal Case Nos. 1999-FEL-002383, 2002-FEL-002605, and 2007-CF2-029268, did unlawfully and knowingly receive and possess a firearm, that is, a .45 caliber semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition, that is, .45 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

The Grand Jury further alleges that, before **JERMAINE FAIRNOT** committed the offense charged in Count Five, **JERMAINE FAIRNOT** had at least three previous convictions for offenses qualifying under 18 U.S.C. § 924(e)(2), in the United States District Court for the District of Columbia, Criminal Case No. 18-CR-000290, and in the Superior Court of the District of Columbia, Criminal Case Nos. 1999-FEL-002383, 2002-FEL-002605, 2007-CF2-029268, that were committed on occasions different from one another.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT SIX

On or about November 9, 2022, within the District of Columbia, **JERMAINE FAIRNOT**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of Cocaine Base, also known as crack, a Schedule II narcotic drug-controlled substance.

**(Unlawful Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine**, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C))

## COUNT SEVEN

On or about November 9, 2022, within the District of Columbia, **JERMAINE FAIRNOT**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of phencyclidine (PCP), a Schedule II narcotic drug-controlled substance.

**(Unlawful Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of PCP**, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C))

## COUNT EIGHT

On or about November 9, 2022, within the District of Columbia, **JERMAINE FAIRNOT**, did unlawfully and knowingly use and carry a firearm, that is, a .45 caliber semi-automatic handgun, during and in relation to, and in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is, Counts Six and Seven of this Superseding Indictment, which is incorporated herein.

**(Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Counts One Through Seven of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to a .40 caliber semi-automatic firearm and .40 caliber ammunition, and a .45 caliber firearm and .45 caliber ammunition.

2.      Upon conviction of either of the offenses alleged in Counts One Through Seven of this indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:


FOREPERSON.



JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:  _____

GAURI GOPAL
Assistant United States Attorney

7